## EATON vs. COPELAND.

In an action by the owner of land which had been mortgaged by his grantor, to recover from the mortgagee the statutory penalty for a refusal to discharge the mortgage of record (the same having been paid), it appeared that the defendant, after he was first applied to by the plaintiff for such discharge, had given to *the mortgagor* a satisfaction piece, but that it had never been recorded, and that when subsequently requested by the plaintiff to execute such discharge, the defendant refused or neglected to do so, but said nothing as to his having executed such an instrument. *Held*, that the court did not err in instructing the jury, "that if they believed the satisfaction piece was given to the mortgagor to be kept in his pocket, and to be used as a defense to such actions, and not to be recorded as a discharge of the mortgage, it was a fraud on the plaintiff, and no defense to this action; and that the fraud might be inferred from the circumstances."

ERROR to the Circuit Court for *Fond du Lac* County.

*Copeland* commenced an action against *Eaton*, July 25, 1862, under sec. 46, chap. 86, R. S., for the refusal or neglect of the latter, for more than seven days after due request, to discharge

of record a certain mortgage upon land belonging to *Copeland*, or to execute a satisfaction piece presented to him by the plaintiff for that purpose. The complaint described the mortgage as having been executed to said *Eaton* by William Roberts and J. F. Roberts, his wife, dated December 6, 1856, and recorded on the 18th of the same month in a certain volume and page of the records in the register's office in said county; it also alleged that at the time the plaintiff requested the defendant to execute such discharge, &c., he tendered him his reasonable charges therefor; and that the conditions of the mortgage had at that time been fully performed, and the plaintiff was the owner of the premises described in it. Answer, a general denial. On the trial, the following facts appeared in evidence. *Eaton* sold the land to William Roberts in 1856, and to secure notes for $800 of the purchase money, took a mortgage back from said William and his wife, J. F. Roberts. In the record of the mortgage, the name of the wife was written "T. F. Roberts." In May, 1858, Roberts and wife conveyed the land to James A. Loomis. *Eaton* then surrendered the notes and mortgage in question, the latter having indorsed upon it an acknowledgment of satisfaction. *Copeland* then purchased the land and took a deed of it from Loomis, June 4, 1858. About the 3d of July, 1862, he went to *Eaton's* office and handed him a dollar, and then stated that the money was given on condition that he (*Eaton*) would agree to discharge the mortgage of record. *Eaton* answered, "Then you had better take back your money," and returned it. On the 8th of the same month, *Eaton* executed a satisfaction piece for the mortgage, which was in the possession of Roberts at the time of the trial, but had never been recorded, and there was no evidence as to the time when or the purpose for which it was delivered to Roberts. Afterwards *Copeland* had a second conversation with *Eaton* in regard to a satisfaction of the mortgage. His testimony in regard to it was as follows: "My counsel made out a satisfaction piece, and I

carried it to the defendant, at the Lewis House in this city, and held it up before him to look at, and put down on the desk two shillings for him to execute it; and said that if that was not enough I would pay him more. He stood a while and made no reply, and then turned around and left me. He did not execute the paper. This was two or three weeks before this suit was commenced." As a witness in his own behalf, *Eaton* testified in relation to the same transaction: "When *Copeland* came to me at the Lewis House, he brought a satisfaction piece in the usual form, I believe. I did not say anything about it, because I never had any such mortgage as described therein, and because I did not think the tender sufficient if it was my mortgage, the usual fee for acknowledging a satisfaction piece being twenty-five cents." *Eaton* objected to the admission in evidence of the record of the mortgage to him from Roberts and wife, on the ground that it was not the same mortgage described in the complaint; but the objection was overruled. He also asked the court to instruct the jury that there was no sufficient sum tendered at the Lewis House; but the instruction was refused. He then asked the court to charge the jury that having once discharged the mortgage he could not be called upon to do it again; but the court qualified this instruction by charging the jury, "that if they believed that the satisfaction piece executed to Roberts was given to him to be kept in his pocket, and for the purpose of being used as a defense to actions of this nature, and not for the purpose of being put upon record as a discharge of the mortgage, then it was a fraud on the plaintiff, and no defense to this action; and that the fraud might be inferred from the circumstances." The court further instructed the jury, that they were to say, from the evidence, "whether the plaintiff did demand of the defendant a satisfaction of the mortgage described in the complaint, as alleged, and whether he tendered to the defendant a reasonable sum for the execution of any satisfaction piece which he had asked the defendant to sign, and whether the

Eaton vs. Copeland.

sum tendered was a reasonable sum for signing the same; which was all the plaintiff requested the defendant to do." Verdict and judgment for the plaintiff.

*R. P. Eaton*, in person:

This being an action to recover a penalty, the statute under which it is claimed should receive a strict construction. 5 Wis., 497. Before the plaintiff is entitled to recover, he must show, 1. The existence of the mortgage described in the complaint, and that it was an incumbrance which he had a right to have removed. 2. That the defendant had refused to discharge it after a tender of his reasonable charges therefor, or to execute and acknowledge a certificate of discharge after demand and tender. In this case, the debt having been paid, the lien of the mortgage was gone, and the mortgage, having been satisfied and discharged on its back, was dead. 18 Johns., 7 and 110; 3 Vt., 561; 1 Cow., 122; 1 N. H., 132; 6 Hill, 65; 4 W. & S., 426; 8 id., 22; 10 Ohio, 433. And the plaintiff being a *bona fide* purchaser, the mortgage was no lien as to him; and not being recorded, it was no cloud upon his title.

*J. M. Gillett*, for defendant in error.

*By the Court*, COLE, J. We have examined the record in this case, but can discover no error in the proceedings which would authorize a reversal of the judgment. The action is brought to recover the penalty given by section 46, chap. 86, R. S., for the refusal or neglect of a mortgagee to discharge of record a mortgage which had been paid. The questions of fact, under proper instructions, were left to the jury. The jury were told that they must say from the evidence that the plaintiff demanded of the defendant a satisfaction of the mortgage described in his complaint, after tendering a reasonable sum for the execution of any satisfaction piece, and that this demand was refused, before they could find for the plaintiff. We think the circuit judge properly told the jury, that if it was intended that the satisfaction piece which was given Roberts should be kept in his pocket and not put upon record as a dis-

charge of the mortgage, but was to be used as a defense to this action, then it was a fraud upon the plaintiff, and could not defeat a recovery. This is the substance of the charge of the court, and we cannot see that it is open to any objection. For clearly the statute penalty is given because a party unreasonably neglects or refuses to discharge of record a mortgage which has been paid, and it is no answer to say that a satisfaction piece has been executed and placed in the hands of one who is to keep it in his pocket. The appellant contends that if the debt was paid the lien of the mortgage was discharged, and that it could injure no one if not discharged of record. But this is not the theory of the statute. That proceeds upon the idea that "after a full performance of the conditions of the mortgage," the mortgagor or his assigns may be greatly prejudiced because the mortgage is not discharged of record. It may prevent a sale of the property, or throw suspicion upon the title, and hence this penalty to secure its satisfaction upon the record.

The variance between the mortgage described in the complaint and the one recorded, was properly disregarded. At most it was a mere mistake in regard to one of the initials of the wife of the mortgagor. The appellant doubtless well knew what mortgage he was asked to discharge.

The judgment of the circuit court is affirmed.